IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth R. Hembree, | ) Civil Action No. 3:07-3882-CMC-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Larry Powers,  Director, | ) |
| | ) |
| Defendant. | ) |
| | ) |

The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983.  On May 27, 2008, the defendants filed a motion for summary judgment.  By order of this court filed June 4, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately.  Despite this explanation, the plaintiff elected not to respond to the motion.

As the plaintiff is proceeding pro se, the court filed a second order on July 9, 2008, allowing the plaintiff an additional fifteen days in which to advise the court whether he wished to continue to prosecute this action.  The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute.  The plaintiff did not respond to the order.

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court.  Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).  In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

    (1)      the degree of plaintiff's responsibility in failing to respond;

    (2)      the amount of prejudice to the defendant;

    (3)      the history of the plaintiff in proceeding in a dilatory manner; and

    (4)      the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions.  It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed.  Plaintiff has not responded to defendants' motion for summary judgment or the court's orders requiring him to respond.  No other reasonable sanctions are available.  Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

                    Respectfully submitted,

                    s/Joseph R. McCrorey
                    United States Magistrate Judge

August 12, 2008

Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).